**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x

JENNIFER WARBURTON,

PLAINTIFF,

vs.

COUNTY OF ULSTER, PAUL VAN BLARCUM, SHERIFF, COUNTY OF ULSTER, ABRAM MARKIEWITZ, OSCAR LOPEZ, ROBERT SHAMRO, ROBERT LEONARDO, DENNIS DOYLE, ANDRES ARESTIN, RICHARD JACOBS, PHILLIP MATTRACION,

Defendants.

---------------------------------------------------x

17 cv1219 (GTS)(CDF)

**FIRST AMENDED COMPLAINT**

As and for her First Amended Complaint, plaintiff, Jennifer Warburton, states:

## I. PARTIES

1. Plaintiff Jennifer Warburton is a United States citizen of legal age and a resident of the Town of Newburgh, New York.
2. Defendant County of Ulster is a municipal corporation situated within this judicial district. It may sue and be sued.
3. Defendant Paul Van Blarcum is the Sheriff of the County of Ulster and is sued in his official capacity as the final policy-maker for the County of Ulster with regard to the conduct of his agents, as set forth herein.

4. At all times relevant, defendants ABRAM MARKIEWITZ, OSCAR LOPEZ, ROBERT SHAMRO, ROBERT LEONARDO, DENNIS DOYLE and ANDRES ARESTIN were members of the Ulster County Sheriff's Department and participated in the search and seizure at plaintiff's residence.

5. Defendants RICHARD JACOBS and PHILLIP MATTRACION are members of the Village of Ellenville Police Department and participated in the search and seizure at plaintiff's residence.

6. Defendant Brian Schug is the Building Inspector of the Village of Ellenville.

## II. JURISDICTION

7. As plaintiff alleges that defendants violated her right to be secure in her property as guaranteed by the Fourth, Fifth Amendments and Fourteenth Amendments to the United States Constitution, this Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331& 1343 and 42 U.S.C. secs. 1983 and 1988. This Court also has jurisdiction over ancillary state claims arising from the same nucleus of operative facts pursuant to 28 U.S.C. section 1367.

7. Plaintiff filed a notice of claim with the County of Ulster concerning some of the matters set forth herein on April 10, 2017.

## III. FACTUAL ALLEGATIONS

8. Plaintiff is the owner of 8 Warren Street, Ellenville, New York, a multifamily dwelling unit she and her husband purchased in 2006.

9. At the time of the purchase and thereafter, plaintiff rented four apartments at the building.

10. As of January 11, 2017, plaintiff and her husband maintained Apartment 2 at 8 Warren Street for their own use and occupancy and had yearly leases for the other three apartments, designated as 1, 3 and 4.

11. During the preceding decade, plaintiff invested tens of thousands of dollars to upgrade the apartments and common space at 8 Warren Street.

### AS AND FOR A FIRST CAUSE OF ACTION – AGAINST ALL DEFENDANTS BUT BRIAN SCHUG

12. At or about 5:30 a.m. on January 11, 2017, defendants Markiewitz, Lopez, Shamro, Leonardo, Doyle and Arestin of the Ulster County Sheriff's Department and URGENT, a Task Force organized and operated by that Department and under the control and supervision of defendant Van Blarcum, conducted a raid at 8 Warren Street, Ellenville, New York. Defendants Jacobs and Matricion, a police officer and the Chief [respectively] of the Village of Ellenville Police Department also participated in the raid.

13. Defendant Markiewitz, a lieutenant, was the ranking officer of the Ulster County Sheriff's Department at the raid.

14. Plaintiff was not present at the time this raid was conducted, had no prior notice of it, and did not provide defendants and/or their agents with leave or permission to enter the common space in the building, which she controlled, or her apartment.

15. During this raid and without any basis or authority to do so, defendants entered Apartment 2, which plaintiff maintained for her own use.

16. No reasonable basis existed for the entry into plaintiff's apartment.

17. In and after entering said apartment, again without authority, invitation or legal basis, defendants either directly caused or permitted to be caused unnecessary physical damage to its door and door frame.

18. Likewise, while executing a search warrant at the building, defendants caused extensive and unnecessary physical damage, leading to the condemnation and boarding up of the building by defendant Schug, the building inspector employed by the Village of Ellenville.

19. Infliction of this physical damage to plaintiff's own apartment, others' apartments and the common space was not required nor justified by any legitimate law enforcement purpose or any exigency.

20. Due to the damage caused during defendants' raid, the Village of Ellenville boarded every single window and door of the building and vacated the premises.

21. Upon re-entry into her building on January 14, 2017, plaintiff saw that much of the interior had been destroyed, all the apartment entry doors kicked in, holes in the walls and ceilings of several of the apartment unit, kitchen cabinet doors ripped off, furniture tossed and clothes everywhere.

22. In Apartment 2, plaintiff observed the door kicked in and the door frame molding cracked.

23. Due to the wanton destruction caused to her premises by defendants [except Schug] plaintiff has been deprived of the use, occupancy and income deriving from 8 Warren Street since the date of the raid.

24. Plaintiff has expended $3,500 to clear out and remove debris defendants [except Schug] left at 8 Warren Street.

25. Repair of the other damage done at 8 Warren Street is currently beyond plaintiff's means, rendering the property a drain upon her finances.

26. By entering and trashing plaintiff's property, defendants constructively took it and rendered it economically useless to her.

27. Defendants so acted without affording plaintiff any modicum of due process of law and there is no adequate remedy at law for said deprivation and taking.

28. As a direct consequence of the violation of her rights as set forth above, plaintiff has suffered pecuniary and non-pecuniary damages and injuries, including emotional distress, public humiliation and embarrassment.

29. Each defendant [but Schug] violated plaintiff's right to due process of law by causing wanton damage to her premises.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS EXCEPT BRIAN SCHUG**

30. Plaintiff incorporates paras. 1-29 as if fully restated herein.

31. By entering plaintiff's own apartment and the common space of her premises without permission, a warrant or cause, defendants violated plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, as made actionable by 42 U.S.C. section 1983.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS EXCEPT BRIAN SCHUG**

32. Plaintiff incorporates paras. 1-31 as if fully restated herein.

33. By substantially damaging plaintiff's apartment building without cause and thereby rendering it uninhabitable, defendants intentionally engaged in an

unauthorized taking prohibited by the takings clause of the United States Constitution as made actionable against defendants as state actors by 42 U.S.C. sec. 1983.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST VAN BLARCUM and COUNTY OF ULSTER**

34. Plaintiff incorporates paras. 1-33 as if fully restated herein.

35. By failing to provide proper training and supervision for his agents, namely John Does I-V and specifically with regard to the circumstances which justify such and entry and the destruction of citizens' property, defendant Van Blarcum violated the rights of plaintiff as protected by the Fourth Amendment and made actionable through 42 U.S.C. section 1983.

36. By delegating defendants employed by the Ulster County Sheriff's Department the authority to conduct said raid as they saw fit without providing them proper training, supervision and guidance, the defendant County of Ulster, through defendant Van Blarcum, adopted and implemented policies and practices which made the violation of plaintiff's constitutional rights as alleged herein a moral certainty, contrary to the Fourth Amendment as made actionable pursuant to 42 U.S.C. section 1983.

by entering plaintiff's premises without authority, defendant county, acting through defendants John Doe I-V, engaged with them in an unauthorized and unprivileged trespass, a non-privileged tort.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS ULSTER COUNTY, VAN BLARCUM AND ULSTER COUNTYDEFENDANTS**

37. Plaintiff incorporates paras. 1-36 as if fully restated herein.

38. By negligently or recklessly causing undue and unnecessary damage to plaintiff's apartment building, defendants are liable for plaintiff for the fair value of the repairs to said premises.

**AS AND FOR A SIXTH CAUSE OF ACTION – VAN BLARCUM**

39. Plaintiff incorporates paras. 1-38 as if fully set forth herein.

40. Defendant Van Blarcum was responsible for the acts and omissions of the members of Ulster County defendants who were members of the Sheriff's Department.

41. As their commanded, defendant Van Blarcum was responsible for insuring that his subordinates received proper training which advised them of the rights of civilians like plaintiff and otherwise complied with the law, including the Constitution of the United States.

42. Defendant Van Blarcum has repeatedly been apprised of violations of citizens' constitutional rights by members of the Sheriff's Department, yet has failed and refused to properly train, supervise and/or punish members who have violated the constitutional rights of citizens, including inmates and employees.

43. In so running the Sheriff's Department, defendant Van Blarcum, the final policy-maker for the County of Ulster with regard to law enforcement matters, has predictably, and to a reasonable moral certainty, fostered the violation of citizens' rights, including those of plaintiff in this instance in violation of the due process rights of the plaintiff.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST SCHUG**

44. In the aftermath of the police raid upon plaintiff's premises and the extensive damages thereby caused by other named defendants, defendant Schug ordered the vacation and boarding of plaintiff's premises.

45. Plaintiff sought to inspect and repair her premises.

46. Defendant Schug conditioned plaintiff's ability to repair the premises upon her agreement to convert the legal four family residence to a single family residence.

47. Defendant Schug had no legal right to condition plaintiff's repair of her premises upon a deleterious change in its permitted use, a change which would

substantially reduce the rent rolls of the property and require very significant capital investment to accomplish.

48. Plaintiff refused to go along with defendant Schug's demands and, as a consequence, Schug condemned the building, wrote five baseless violation notices and served these upon the plaintiff.

49. Plaintiff hired counsel to defend her against these violations.

50. Plaintiff intended to enter pleas of not guilty to each violation as they were frivolous and intended solely to punish her for her refusal to convert the premises as demanded by defendant Schug.

51. However, the attorney plaintiff had hired failed and refused to provide her adequate representation and directed her to plead guilty to four baseless violations and pay a fine of $300.

52. Defendant Schug knew that each of these violations, dated January 11, 2017, was baseless and proceeded against plaintiff as a means of punishing her for failing to comply with his dictates, a blatant abuse of power.

53. For example, defendant Schug claimed that plaintiff failed to provide "adequate heat," though she had a functioning boiler.

54. Defendant Schug claimed that she had not maintained fire extinguishers though, again, she had receipts showing the contrary.

55. By proceeding with said prosecutions despite knowing that they were baseless and by failing to advise the court of the actual state of affairs at the building and of the plaintiff's assiduous decade-long efforts to cure any violations at the premises and his own recent refusal to allow her to do so absent her agreement to convert to an inferior use, defendant Schug violated the due process clause of the Fourteenth Amendment which required Schug to treat plaintiff fairly, with investigative and court proceedings conducted in a manner consistent with the rights established to protect citizens, including the right to an investigation that is free from bias, the right to a speedy trial, the right to avoid self-incrimination, the right to effective assistance of counsel, the right to review and confront the evidence and testimony against him / her, and the right to demand that the state prove any charges beyond a reasonable doubt.

56. Here, defendant Schug did not conduct an investigation free from bias because his objective was to illegally force plaintiff to abandon the permitted use of her premises and he used the legal system to punish her when she refused to do so.

57. Thereafter, upon information and belief, while shutting out plaintiff, still the rightful deed owner of the premises and without her consent, defendant Schug allowed the bank which held the first mortgage upon plaintiff's property to enter and repair the premises as a four apartment building with the understanding that plaintiff would be foreclosed from the premises and unable to continue as its owner.

WHEREFORE, plaintiff prays that this Honorable Court take jurisdiction over this matter, empanel a jury to hear the matter and decide each and every issues within its authority, award to plaintiff compensatory and punitive damages against the individual defendants, award compensatory damages against Van Blarcum and the County of Ulster and order defendants to pay the reasonably incurred costs and attorneys' fees arising from prosecution of this matter and enter any other order the interests of justice and equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN [103324]

SUSSMAN & ASSOCIATES
1 Railroad Avenue, Suite 3
PO Box 1005
Goshen, NY 10924
(845)-294-3991
Counsel for Plaintiff Warburton

Dated: April 13, 2018