UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER WARBURTON,

                        Plaintiff,

v.                                                            1:17-CV-1219
                                                              (GTS/CFH)
COUNTY OF ULSTER; PAUL
VAN BLARCUM, Sheriff, County
of Ulster; JOHN DOES I-IV; ABRAM
MARKIEWITZ; OSCAR LOPEZ;
ROBERT SHAMRO; ROBERT
LEONARDO; DENNIS DOYLE;
ANDRES ARESTIN; RICHARD
JACOBS; PHILLIP MATTRACTION;
and BRIAN SCHUG,

                        Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

SUSSMAN & ASSOCIATES                      MICHAEL H. SUSSMAN, ESQ.
  Counsel for Plaintiff
1 Railroad Avenue
Goshen, New York 10924

MCCABE & MACK LLP                            DAVID L. POSNER, ESQ.
  Counsel for Defendants County of Ulster
  and Paul Van Blarcum
63 Washington Street
Poughkeepsie, New York 12602-0509

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this civil rights action filed by Jennifer Warburton ("Plaintiff") against the County of Ulster, Paul Van Blarcum, John Does I-IV, Abram Markiewitz, Oscar Lopez, Robert Shamro, Robert Leonardo, Dennis Doyle, Andres Arestin,

Richard Jacobs, Phillip Mattracion, and Brian Schug ("Defendants"),[1] is the motion by Defendants County of Ulster and Paul Van Blarcum ("County Defendants") to dismiss certain of Plaintiff's claims against them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 7.) For the reasons set forth below, the County Defendants' motion is granted.

## I. RELEVANT BACKGROUND

### A. Procedural History

Plaintiff commenced this action against the County of Ulster, John Does I-IV, and Paul Van Blarcum on November 6, 2017, by filing a Complaint in this Court. (Dkt. No. 1.) On November 14, 2017, Plaintiff filed affidavits of service for the Summons, Complaint, and Civil Case Management Plan indicating that service was complete on the County Defendants. (Dkts. No. 4, 5.) The County Defendants filed this motion to dismiss on December 15, 2017. (Dkt. No. 7.) Plaintiff filed a response in opposition on January 9, 2018. (Dkt. No. 8.) The County Defendants filed a reply memorandum of law in further support of their pending motion to dismiss on January 11, 2018. (Dkt. No. 9.)

On April 13, 2018, pursuant to a stipulation between Plaintiff and the County Defendants, Plaintiff filed an Amended Complaint against Defendants. (Dkt. No. 12.) By Order dated April 16, 2018, the Court directed the County Defendants to advise the Court in writing by April 27, 2018, as to which portions, if any, of their motion to dismiss still apply to the Amended Complaint. (Dkt. No. 13.) The County Defendants filed a letter-brief on April 25, 2018,

---

[1] The Amended Complaint asserts a cause of action against Brian Schug as a Defendant. (Dkt. No. 12, at ¶¶ 44-57.) However, neither the caption of the Amended Complaint, nor the caption of the Court's docket sheet lists Mr. Schug as a Defendant. As a result, the Clerk of the Court is directed to add Brian Schug as a Defendant.

2

indicating that their motion was not impacted by Plaintiff's Amended Complaint and there is no change to the County Defendants' arguments. (Dkt. No. 15.) By Order dated April 30, 2018, the Court *sua sponte* granted Plaintiff one week to file a supplement to her original opposition memorandum of law if she desired, in light of the County Defendants' letter-brief on April 25, 2018. (Dkt. No. 17.) To date, Plaintiff has not supplemented her response. (*See generally* Dkt.)

In addition, by Order dated April 16, 2018, the Court directed Plaintiff to show cause in writing on or before April 27, 2018, why the Court should not *sua sponte* dismiss her action without prejudice with regard to the unserved Defendants pursuant to Fed. R. Civ. P. 4(m) and 41(b), and Local Rule 41.2(a) of the Local Rules of Practice for this Court, for failing to timely serve those Defendants (specifically, Abram Markiewitz, Oscar Lopez, Robert Shamro, Robert Leonardo, Dennis Doyle, Andres Arestin, Richard Jacobs, and Phillip Mattraction). (Dkt. No. 14.) On April 27, 2018, Plaintiff responded to the Court's Order by arguing that the Court should not dismiss the action against the unserved Defendants because Plaintiff was acting in good faith in working to obtain the names of John Does I-IV and amend her Complaint on April 13, 2018. (Dkt. No. 16.) To date, Plaintiff has not filed any affidavits of services against the unserved Defendants, nor have any unserved Defendants appeared in the action. (*See generally* Docket Sheet.)

### B. Plaintiff's Claims

Generally, liberally construed, Plaintiff's Amended Complaint alleges as follows.

Plaintiff is the owner of 8 Warren Street, Ellenville, New York (the "Property"). (*See generally* Dkt. No. 12 [Pl.'s Am. Compl.].) The Property is an apartment building with four apartments and some shared common areas maintained by Plaintiff. (*Id.*) As of January 11,

2017, Plaintiff and her husband maintained Apartment 2 at the Property, for their own use and occupancy, and leased on a yearly basis the other three apartments, designated as Apartments 1, 3, and 4.  (*Id.*)

On or about January 11, 2017 at 5:30 A.M., Defendants Markiewitz, Lopez, Shamro, Leonardo, Doyle, and Arestin of the Ulster County Sheriff's Department, conducted a "raid" at the Property.  (*Id.*)  Defendants Jacobs and Matricion (a police officer and chief, respectively, with the Village of Ellenville Police Department) also participated in the raid at the Property.  (*Id.*)

Plaintiff was not present for the raid, had no prior notice of the raid, and did not give Defendants or their agents permission to enter the common space of the building, which she controlled, or Apartment 2.  (*Id.*)  During the raid, and without any reasonable basis or authority to do so, Defendants entered Apartment 2.  (*Id.*)  During the raid, Defendants either directly caused or permitted to be caused unnecessary physical damage to the door and door frame of Apartment 2, such that the door was kicked in and the door frame molding was cracked.  (*Id.*)

While executing a search warrant at the Property, Defendants caused extensive and unnecessary physical damage, leading to the condemnation and boarding up of the Property by the building inspector for the Village of Ellenville.  (*Id.*)  The physical damage to the Property including Apartment 2, the common space, and the other apartments in the Property, was not required or justified by any legitimate law enforcement purpose or exigency.  (*Id.*)  Due to the damage caused by Defendants during the raid, the Village of Ellenville boarded every window and door of the Property and vacated the premises.  (*Id.*)

4

When Plaintiff re-entered the Property on January 14, 2017, she saw that much of the interior had been destroyed, all apartment entry doors were kicked in, there were holes in the walls and ceilings of several of the apartment units, kitchen cabinet doors were off the hinges, and furniture and clothes were strewn about. (*Id.*)

Plaintiff has already spent $3,500.00 to clear out and remove debris that Defendants left at the Property. (*Id.*) Repair of the other damage at the Property is beyond Plaintiff's financial ability to pay, rendering the Property a drain on her finances. (*Id.*) Defendants' actions constructively took Plaintiff's property and rendered it economically useless to her. (*Id.*)

Based upon the foregoing allegations, the Amended Complaint asserts the following seven claims: (1) a claim that all Defendants except Brian Schug violated Plaintiff's due process rights pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983 ("Claim One"); (2) a claim that all Defendants except Brian Schug violated Plaintiff's right to be free from unreasonable searches and seizures pursuant to the Fourth Amendment and 42 U.S.C. § 1983 ("Claim Two"); (3) a claim that all Defendants except Brian Schug intentionally engaged in an unauthorized taking prohibited by the Fifth Amendment and 42 U.S.C. § 1983 ("Claim Three"); (4) a claim that the County Defendants violated Plaintiff's rights by failing to provide proper training and supervision for their agents pursuant to the Fourth Amendment and 42 U.S.C. § 1983 ("Claim Four"); (5) a claim that all Defendants except Richard Jacobs, Phillip Mattracion, and Brian Schug negligently or recklessly caused undue and unnecessary damage to Plaintiff's Property pursuant to New York common law ("Claim Five"); (6) a claim that Defendant Van Blarcum violated Plaintiff's rights by failing to provide proper training and supervision to members of the Ulster County Sheriff's Department ("Claim Six"); and (7) a claim that Defendant Brian Schug,

violated Plaintiff's right to due process pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983 ("Claim Seven"). (*See generally* Dkt. No. 12 [Pl.'s Am. Compl.].)

### C. Parties' Briefing on the County Defendants' Motion to Dismiss

#### 1. The County Defendants' Memorandum of Law-in-Chief

Generally, in support of their motion to dismiss, the County Defendants asserts the following two arguments: (1) the Amended Complaint fails to state a claim for a Fifth Amendment "taking" because (a) the Takings Clause of the Fifth Amendment prohibits government takings of "private property . . . for public use, without just compensation" and thus has no applicability to circumstances in which the County Defendants were exercising authority granted to them under the police power through a search warrant, and (b) Plaintiff did not plead that she unsuccessfully utilized procedures offered by New York State to seek redress for her claimed losses; and (2) the Amended Complaint fails to state a claim against the County of Ulster and Defendant Van Blarcum in his official capacity for failure to train and supervise because the Amended Complaint fails to allege "deliberate indifference" to the rights of persons with whom the alleged untrained employees would come into contact, nor does it allege any facts plausibly suggesting any failure to train and supervise by Defendant Van Blarcum. (*See generally* Dkt. No. 7, Attach. 3 [Cnty. Defs.' Mem. of Law].)

#### 2. Plaintiff's Opposition Memorandum of Law

Generally, in Plaintiff's opposition to the County Defendants' motion, Plaintiff asserts the following two arguments: (1) the Fifth Amendment Takings Clause claim is viable and should not be dismissed because (a) the Amended Complaint properly alleges that the search warrant did not authorize entry to Plaintiff's apartment nor did it authorize the wanton destruction to the

6

building that Defendants committed, (b) the Amended Complaint alleges that Defendants intentionally acted to destroy the possibility of habitation in Plaintiff's residence, causing a constructive taking, and (c) Plaintiff is not aware of any state remedial provision that is available to compensate her for the damages sought here and the County Defendants do not cite to one; and (2) the *Monell* claim should not be dismissed because (a) the Amended Complaint alleges a municipal policy, practice, or custom sufficient to predicate municipal liability, (b) the Amended Complaint alleges a causal relationship between the municipality's failure to train, supervise, and discipline officers who engage in improper searches and seizures, and (c) the Amended Complaint sufficiently pleads deliberate indifference by the Defendant Van Blarcum to repeated instances of violations establishing a direct causal link between municipal policy or custom and the constitutional deprivation. (*See generally* Dkt. No. 8 [Pl.'s Opp'n Mem. of Law].)

### 3. The County Defendants' Reply Memorandum of Law

Generally in their reply, the County Defendants assert the following three arguments: (1) because Plaintiff does not address the argument that the official capacity suit against Defendant Van Blarcum is solely a suit against Defendant County, dismissal of the claim against him is proper; (2) the Fifth Amendment Takings Clause claim should be dismissed because (a) the Amended Complaint does not allege that the Property was taken for "public use" and thus no claim under the Fifth Amendment has been stated, and (b) Plaintiff has not alleged that she tried to get compensation under the Eminent Domain Procedure Law or in an action at law for damages in state supreme court and thus she cannot demonstrate that she has been denied compensation; and (3) the Amended Complaint fails to state a claim under *Monell* against Ulster County because there are only bare assertions of such a claim's elements, which are insufficient. (*See generally* Dkt. No. 9 [Cnty. Defs.' Reply Mem. of Law].)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Dismiss for Failure to State Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at

212, n.17 (citing Supreme Court cases) (emphasis added).²

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an

---

² *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

9

actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

### B. Legal Standards Governing Plaintiff's Claims

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which is intended primarily for the review of the parties. (*See generally* Dkt. No. 7, Attach. 3 [Cnty. Defs.' Mem. of Law]; Dkt. No. 8 [Pl.'s Opp'n Mem. of Law]; Dkt. No. 9 [Cnty. Defs.' Reply Mem. of Law].)

## III. ANALYSIS

### A. Whether Plaintiff's Third Claim Must Be Dismissed as Against the County Defendants

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the County Defendants' memoranda of law. (Dkt. No. 7, Attach. 3 [Cnty. Defs.' Mem. of Law]; Dkt. No. 9 [Cnty. Defs.' Reply Mem. of Law].) To those reasons, the Court would only add two points.

First, the Court agrees with the County Defendants' argument that the Fifth Amendment Takings Clause is not applicable in the situation presented here. "[P]olice power encompasses the government's ability to seize and retain property to be used as evidence in a criminal prosecution." *Amerisource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) (citing *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 309-10 [1967]).

In *Bennis v. Michigan*, the Supreme Court determined that forfeiture of an innocent wife and co-owner's interest in a vehicle that was used in connection with a crime was not a taking of

private property for public use in violation of the Takings Clause. *Bennis v. Michigan*, 516 U.S. 442, 453 (1996). The Court further held that police power does not implicate the power of eminent domain. *Bennis*, 516 U.S. at 453.

In *Seay v. United States*, the government seized computer equipment and machinery while investigating the unlicensed manufacture of designs protected by copyright. *Seay v. United States,* 61 Fed. Cl. 32, 35 ( Fed. Cl. 2004). There, the seized property was damaged when the plumbing ruptured at the government's storage facility. *Seay*, 61 Fed. Cl. at 35. The Court of Federal Claims held that it was not a taking if "[t]he government ultimately returned the belongings, although damaged, and, therefore, the government never 'took' the plaintiff's belongings . . . . There is no taking associated with the retention of property that is ultimately returned." *Id.*

In *Amerisource Corp. v. United States*, drugs were seized from a wholesale pharmaceutical distributor as evidence in criminal investigation. *Amerisource Corp.*, 525 F.3d at 1153. The government held the drugs until they expired and never introduced the drugs as evidence in the criminal proceedings. *Id.* The Federal Circuit held that "[p]roperty seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause." *Id.*[3]

The Amended Complaint does not allege that the Property was taken; instead it alleges only that Defendants damaged the Property. (*See generally* Dkt. No. 12.) Further, to the extent that the Property was taken, it was not taken for a public purpose but rather pursuant to the

---

[3] *See also United States v. One 1979 Cadillac Coupe De Ville*, 833 F.2d 994 (Fed Cir. 1987) (holding that a claimant is not entitled to a monetary award for the amount by which his vehicle decreased in value while in government custody).

police power. Therefore, the County Defendants' alleged actions were not a violation of the Takings Clause of the Fifth Amendment.

Second, the Court agrees with the County Defendants that, even if Plaintiff sustained a taking pursuant to the Fifth Amendment, she "has not suffered a violation of the Just Compensation Clause until she has unsuccessfully attempted to obtain just compensation through the procedures provided by the State." *Village Pond, Inc. v. Town of Darien*, 56 F.3d 375 (2d Cir. 1995). This is true and relief must be attempted under a state compensation procedure, even where the state law "remains unsure and undeveloped." *Southview Assoc., Ltd. v. Bongartz*, 980 F.2d 84, 99 (2d Cir. 1992) (holding that a takings claim was unripe where the plaintiff had not attempted to obtain compensation under the Vermont State Constitution's taking clause, even though no court ever had interpreted that clause to require compensation for a regulatory taking); *see also Austin v. City and County of Honolulu*, 840 F.2d 678, 680-81 (9th Cir. 1988) ("To establish that the state failed to offer just compensation, a landowner must seek and be denied compensation through state procedures."). In any event, New York State's procedures available to a property owner claiming a taking have been held to be constitutionally adequate. *New Holland Village Condo v. DeStaso Enters.*, 139 F. Supp. 2d 499, 504 (S.D.N.Y. 2001), *aff'd*, 29 F. App'x 760 (2d Cir. 2002); *DeBari v. Town of Middletown*, 9 F. Supp. 2d 156, 162-63 (N.D.N.Y. 1998) (McAvoy, C.J.). Furthermore, the Amended Complaint does not allege that Plaintiff pursued state remedies for her claimed losses. (*See generally* Dkt. No. 12.)

For all of these reasons, County Defendants' motion to dismiss the Fifth Amendment Takings Clause claim is granted, and Claim Three is dismissed as against the County Defendants.

B.     **Whether Plaintiff's Fourth and Sixth Claims Must Be Dismissed as Against the County Defendants**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in the County Defendants' memoranda of law. (Dkt. No. 7, Attach. 3 [Cnty. Defs.' Mem. of Law]; Dkt. No. 9 [Cnty. Defs.' Reply Mem. of Law].) To those reasons, the Court would only add two points.

First, as the County Defendants argue in their reply memorandum of law, Plaintiff does not address the County Defendants' argument that the official capacity suit against Defendant Van Blarcum is solely a suit against the County, warranting a dismissal of the claims against Defendant Van Blarcum. (Dkt. No. 9, at 2.) The only time Plaintiff addresses the capacity in which Defendant Van Blarcum is sued is in footnote 3 of Plaintiff's opposition memorandum of law, where Plaintiff states that "[t]he Sheriff is sued in his individual capacity . . . ." (Dkt. No. 8, at 11, n.3.) However, Plaintiff's assertion is unpersuasive. The Amended Complaint specifically alleges, "Defendant Paul Van Blarcum is the Sheriff of the County of Ulster and is sued in his official capacity as the final policy-maker for the County of Ulster with regard to the conduct of his agents, as set forth herein." (Dkt. No. 12, at ¶ 3.) The Court finds that County Defendants met this modest burden of establishing entitlement to dismissal of the fourth and sixth claims against Defendant Van Blarcum.[4]

---

[4]     In this District, a movant's burden with regard to an unopposed motion is lightened such that, in order to succeed, the movant need only show its entitlement to the relief requested in its motion, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases).

Second, the Court agrees with the County Defendants' arguments that the Amended Complaint contains no factual allegations to support Plaintiff's fourth and sixth claims other than bare, conclusory assertions of the elements. The Amended Complaint contains no allegation of similar misconduct by members of the Ulster County Sheriff's Department, which could provide factual support of a claim that there was a pattern of poor training and supervision such that the County Defendants can be said to have acted with deliberate indifference or even ordinary negligence. (*See generally* Dkt. No. 12.)

For these reasons, Claims Four and Six are dismissed.

**ACCORDINGLY**, it is

**ORDERED** that the County Defendants' motion to dismiss (Dkt. No. 7, Attach. 3) is **GRANTED**; and it is further

**ORDERED** that the following claims are **DISMISSED**:

(1) Plaintiff's Takings Clause claim against the County Defendants pursuant to the Fifth Amendment ("Claim Three");

(2) Plaintiff's *Monell* claims against the County Defendants ("Claim Four"); and

(3) Plaintiff's failure-to-train-and-supervise claim against Defendant Van Blarcum ("Claim Six"); and it is further

**ORDERED** that Plaintiff is directed to again **SHOW CAUSE** in writing, on or before **OCTOBER 9, 2018**, why the Court should not *sua sponte* dismiss her action without prejudice with regard to the unserved Defendants pursuant to Fed. R. Civ. P. 4(m) and 41(b), and Local Rule 41.2(a) of the Local Rules of Practice for this Court, for failing to timely serve Defendants Abram Markiewitz, Oscar Lopez, Robert Shamro, Robert Leonardo, Dennis Doyle, Andres

Arestin, Richard Jacobs and Phillip Mattraction with her Amended Complaint, and for failing to name and serve the John Doe Defendants; and it is further

**ORDERED** that the County Defendants file an answer to Plaintiff's Amended Complaint within **FOURTEEN DAYS** of the date of this Decision & Order pursuant to Fed.R.Civ.P. Rule 12(a)(4)(a), and this case is referred back to Magistrate Judge Hummel for a Rule 16 conference and the setting of pretrial scheduling deadlines; and it is further

**ORDERED** that the Clerk of the Court is directed to add Brian Schug as a Defendant.

Dated: September 24, 2018
Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge