UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER WARBURTON,

               Plaintiff,

v.                                                                                              1:17-CV-1219
                                                                                                   (GTS/CFH)

COUNTY OF ULSTER; JOHN DOES
I-IV; ABRAM MARKIEWITZ; OSCAR
LOPEZ; ROBERT SHAMRO; ROBERT
LEONARDO; DENNIS DOYLE;
ANDRES ARESTIN; RICHARD
JACOBS; PHILLIP MATTRACTION;
and BRIAN SCHUG,

               Defendants.
_____

APPEARANCES:                                                 OF COUNSEL:

SUSSMAN & ASSOCIATES                     MICHAEL H. SUSSMAN, ESQ.
  Counsel for Plaintiff
1 Railroad Avenue
Goshen, New York 10924

MCCABE & MACK LLP                           DAVID L. POSNER, ESQ.
  Counsel for Defendants County of Ulster,
  Abram Markiewitz, Oscar Lopez, Robert
  Shamro, Robert Leonardo, Dennis Doyle,
  Andres Arestin
63 Washington Street
Poughkeepsie, New York 12602-0509

DRAKE LOEB PLLC                                       ADAM RODD, ESQ.
  Counsel for Defendant Richard Jacobs
  and Phillip Mattraction
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553

COOK, NETTER, CLOONAN, KURTZ            MICHAEL T. COOK, ESQ.
& MURPHY, P.C.
  Counsel for Defendant Brian Schug
85 Main Street
Kingston, New York 12401

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this civil rights action filed by Jennifer Warburton ("Plaintiff") against the County of Ulster, Paul Van Blarcum, John Does I-IV, Abram Markiewitz, Oscar Lopez, Robert Shamro, Robert Leonardo, Dennis Doyle, Andres Arestin, Richard Jacobs, Phillip Mattracion, and Brian Schug ("Defendants"), is a motion by Defendant Schug to dismiss Plaintiff's claim against him for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 41.) For the reasons set forth below, Defendant Schug's motion is granted.

## I.  RELEVANT BACKGROUND

### A.  Procedural History

On September 24, 2018, the Court issued a Decision and Order that outlined the procedural history to date and dismissed Claim Three against Defendants County of Ulster and Van Blarcum, Claim Four against Defendant County of Ulster, and Claim Six against Defendant Van Blarcum. (Dkt. No. 18.)

On October 22, 2018, Plaintiff filed an affidavit of service reflecting that the Summons and Complaint had been served on Defendant Schug on October 17, 2018. (Dkt. No. 29.)

On October 30, 3018, Plaintiff and Defendants County of Ulster and Van Blarcum filed a partial stipulation of discontinuance (the "Stipulation"). (Dkt. No. 30.) The Stipulation

2

dismissed Claim One against Defendants County of Ulster and Van Blarcum, Claim Two against Defendants County of Ulster and Van Blarcum, and Claim Five against Defendant Blarcum. (*Id.*)

### B. Plaintiff's Claims

The Court summarized Plaintiff's Claims in its Decision and Order dated September 24, 2018. (Dkt. No. 18.) However, generally, liberally construed, Plaintiff's Amended Complaint alleges as follows with regard to Defendant Schug.

Plaintiff is the owner of 8 Warren Street, Ellenville, New York (the "Property"). (*See generally* Dkt. No. 12 [Pl.'s Am. Compl.].) Defendant Schug, the building inspector for the Village of Ellenville, ordered that the Property be vacated and boarded due to the extensive damage caused by the other Defendants. (*Id.*) Plaintiff sought to make repairs to the Property but Defendant Schug refused to permit her to do so unless she agreed to convert the Property from a four-family residence to a single-family residence. (*Id.*) Plaintiff did not agree to converting the Property to a single-family residence. (*Id.*) As a result, Defendant Schug condemned the Property and wrote and served on Plaintiff five "baseless violation notices" that were dated January 11, 2017. (*Id.*)

Plaintiff hired counsel to defend her against the violation notices. (*Id.*) On the advice of her defense counsel, Plaintiff pleaded guilty to four of the violations and paid a fine in the amount of $300. (*Id.*) Defendant Schug knew that these violations were baseless and proceeded against Plaintiff as a means of punishing her for refusing to convert the Property to a single-family residence. (*Id.*)

Sometime later, while continuing to exclude Plaintiff from the Property, Defendant Schug allowed the bank, which held the first mortgage on the Property, to enter and repair the Property as a four-family residence, with the understanding that Plaintiff's interest in the Property would be foreclosed. (*Id.*)

Based upon the foregoing allegations, the Amended Complaint asserts the following seven claims: (1) a claim that all Defendants except Brian Schug violated Plaintiff's due process rights pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983 ("Claim One");[1] (2) a claim that all Defendants except Brian Schug violated Plaintiff's right to be free from unreasonable searches and seizures pursuant to the Fourth Amendment and 42 U.S.C. § 1983 ("Claim Two");[2] (3) a claim that all Defendants except Brian Schug intentionally engaged in an unauthorized taking prohibited by the Fifth Amendment and 42 U.S.C. § 1983 ("Claim Three");[3] (4) a claim that the County Defendants violated Plaintiff's rights by failing to provide proper training and supervision for their agents pursuant to the Fourth Amendment and 42 U.S.C. § 1983 ("Claim Four");[4] (5) a claim that all Defendants except Richard Jacobs, Phillip Mattracion, and Brian Schug negligently or recklessly caused undue and unnecessary damage to Plaintiff's Property

---

[1] Claim One was dismissed against Defendants County of Ulster and Van Blarcum, pursuant to the Stipulation. *See, supra* Part I.A. of this Decision and Order.

[2] Claim Two was dismissed against Defendants County of Ulster and Van Blarcum, pursuant to the Stipulation. *See, supra* Part I.A. of this Decision and Order.

[3] Claim Three was dismissed against Defendants County of Ulster and Van Blarcum, pursuant to the Court's Decision and Order dated September 24, 2018. *See, supra* Part I.A. of this Decision and Order.

[4] Claim Four was dismissed pursuant to the Court's Decision and Order dated September 24, 2018. *See, supra* Part I.A. of this Decision and Order.

pursuant to New York common law ("Claim Five");[5] (6) a claim that Defendant Van Blarcum violated Plaintiff's rights by failing to provide proper training and supervision to members of the Ulster County Sheriff's Department ("Claim Six");[6] and (7) a claim that Defendant Brian Schug, violated Plaintiff's right to due process pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983 ("Claim Seven").[7] (*See generally* Dkt. No. 12 [Pl.'s Am. Compl.].)

### C. Parties' Briefing on Defendant Schug's Motion to Dismiss

#### 1. Defendant Schug's Memorandum of Law-in-Chief

Generally, in support of his motion to dismiss, Defendant Schug asserts the following three arguments: (1) Plaintiff's sole claim against him implicates the validity of her guilty pleas and, pursuant to the *Heck* doctrine, cannot be brought unless her guilty pleas are vacated; (2) in any event, the Amended Complaint does not allege facts that plausibly suggest a procedural due process violation by Defendant Schug because she alleges that she hired an attorney, entered pleas of not guilty, then entered pleas of guilty, and was afforded an opportunity to be heard; and (3) similarly, the Amended Complaint does not allege facts that plausibly suggest a substantive due process violation by Defendant Schug because merely initiating a housing code violation

---

[5] Claim Five was dismissed against Defendant Van Blarcum, pursuant to the Stipulation. *See, supra* Part I.A. of this Decision and Order.

[6] Claim Six was dismissed pursuant to the Court's Decision and Order dated September 24, 2018. *See, supra* Part I.A. of this Decision and Order.

[7] More specifically, the Amended Complaint alleges that Defendant Schug violated the Due Process Clause of the Fourteenth Amendment, "which required Schug to treat plaintiff fairly, with investigative and court proceedings conducted in manner consistent with the rights established to protect citizens, including the right to an investigation that is free from bias, the right to a speedy trial, the right to avoid self-incrimination, the right to effective assistance of counsel, the right to review and confront the evidence and testimony against him / her [sic], and the right to demand that the state prove any charges beyond a reasonable doubt." (Dkt. No. 12, at 11.)

proceeding that he knew or should have known to lack probable cause, without any allegation of animus, does not rise to the level of "outrageously arbitrary." (*See generally* Dkt. No. 41, Attach. 2 [Def. Schug's Mem. of Law].)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in Plaintiff's opposition to Defendant Schug's motion, she asserts the following three arguments: (1) the *Heck* doctrine does not preclude Plaintiff's claim against Defendant Schug because she is not challenging her underlying plea and seeks no relief that implicates the validity of her plea, but instead she is alleging that Defendant Schug with "no legal right" excluded her from the Property and conditioned her ability to repair the Property on her agreement to convert the Property from a four-family residence to a single-family residence; (2) the Amended Complaint adequately alleges that Defendant Schug violated Plaintiff's procedural due process rights because it alleged that she was not afforded any pre-deprivation process before Defendant Schug excluded her from the Property and conditioned her ability to repair the Property on her agreement to convert the Property from a four-family residence to a single-family residence; and (3) the Amended Complaint adequately alleges that Defendant Schug violated Plaintiff's substantive due process rights because it alleged that he improperly changed the classification of the Property without re-zoning or any other regularized process. (*See generally* Dkt. No. 44 [Pl.'s Opp'n Mem. of Law].)

### 3. Defendant Schug's Reply Memorandum of Law

Generally in his reply, Defendant Schug asserts the following two arguments: (1) the allegations contained in the Amended Complaint implicate the validity of Plaintiff's state court convictions because it alleges that Defendant Schug retaliated against Plaintiff for her refusal to

convert the Property to a single-family residence, by issuing the "baseless" housing code violations and subsequently denying her access to the Property; and (2) Plaintiff fails to allege facts that plausibly suggest a due process violation because, had she successfully challenged the housing code violations, she would have also resolved the issue of whether she was entitled access to the Property, but Plaintiff opted to plead guilty to the violations and thus forgo the opportunity to present evidence and confront the allegations against her. (*See generally* Dkt. No. 45 [Def. Schug's Reply Mem. of Law].)

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

7

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[8]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15

---

[8] *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

9

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

### III. ANALYSIS

After carefully considering the matter, the Court grants Defendant Schug's motion to dismiss Plaintiff's Due Process Clause claim pursuant to the Fourteenth Amendment (Claim Seven) for the reasons stated in Defendant Schug's memoranda of law. (Dkt. No. 41, Attach. 2 [Def. Schug's Mem. of Law]; Dkt. No. 45 [Def. Schug's Reply Mem. of Law].) To those reasons, the Court would only add two points.

First, the Court agrees with Defendant Schug's argument that the allegations regarding Claim Seven necessarily implicate Plaintiff's underlying conviction and thus cannot be recovered absent a showing that her conviction was reversed. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If Plaintiff was successful in defending the allegedly "baseless" housing violations with which Defendant Schug charged her, she would have resolved the issue of whether she was entitled access to the Property to make the repairs.

Moreover, to the extent that Plaintiff bases her due process claim on a failure to investigate, it is subject to dismissal because "allegations of a failure to investigate do not create

an independent due process claim, but instead are properly regarded as part of plaintiff's false arrest and malicious prosecution claims." *Blake v. Race*, 487 F. Supp. 2d 187, 212 n.18 (E.D.N.Y. 2007); *see also Schweitzer v. Brunstein*, 16-CV-1172, 2016 WL 4203482, at *2 (E.D.N.Y. Aug. 9, 2016) (noting that there is no constitutional right to an adequate investigation").

The Court also notes that Plaintiff does not have a constitutional right to cure any defects before being issued a housing code violation. *Mazzone v. Town of Southampton*, 293 F. Supp. 3d 38, 48-49 (E.D.N.Y. 2017). It is a discretionary decision on the Town's part whether to issue an appearance ticket where violations are found to have existed rather than providing Plaintiff with an opportunity to cure. *Mazzone*, 293 F. Supp. 3d at 49. As a result, the fact that Defendant Schug allegedly issued Plaintiff "baseless" tickets (to which Plaintiff pleaded guilty), without first providing her an opportunity to fix the housing code violations, is not a constitutional violation. *Id.*

Second, in the alternative, the Court agrees with Defendant Schug's argument that the Amended Complaint failed to allege facts that plausibly suggest a due process violation.

"Substantive due process protects against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill advised." *Cunney v. Bd. of Trustees of the Vill. of Grand View, New York*, 660 F.3d 612, 626 (2d Cir. 2011) (quoting *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 [2d Cir. 1995]). "In order to shock the conscience and trigger a violation of substantive due process, official conduct must be outrageous and egregious under the circumstances; it must be truly 'brutal and offensive to human dignity.'" *Lombardi v. Whitman*, 485 F.3d 73, 81 (2d Cir. 2007) (quoting *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 173 [2d Cir. 2002]).

11

Plaintiff has not alleged any facts that plausibly suggest government action that is "outrageously arbitrary," particularly in the absence of any evidence of direct animus towards her. *Dellutri v. Vill. of Elmsford*, 895 F. Supp. 2d 555, 574 (S.D.N.Y. 2012) (collecting cases).

"Procedural '[d]ue process requires only that the state afford a party threatened with a deprivation of property a process involving pre-deprivation notice and access to a tribunal in which the merits of the deprivation may be fairly challenged.'" *Dellutri*, 895 F. Supp. 2d at 574 (quoting *Chase Grp. Alliance LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 151-52 [2d Cir. 2010]). However, "[w]here a deprivation at the hands of a government actor is 'random and unauthorized,'" *Norton v. Town of Brookhaven*, 33 F. Supp. 3d 215, 238 (E.D.N.Y. 2014), as opposed to "the more structured environment of established state procedures" *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 532 [1984]), it is "impossible for the government to provide a pre-deprivation hearing, [and] due process requires only a post-deprivation proceeding." *Norton*, 33 F. Supp. 3d at 238.

As set forth above, if Plaintiff had challenged the allegedly "baseless" violations instead of pleading guilty to them, she would have had the opportunity to present evidence, cross-examine witnesses, and be heard. In addition, if Plaintiff had been successful in her defense, she would have resolved the issue of her access to the Property.

For each of these alternative reasons, Defendant Schug's motion to dismiss the Due Process Clause claim pursuant to the Fourteenth Amendment (Claim Seven) is granted.

**ACCORDINGLY**, it is

**ORDERED** that Defendant Schug's motion to dismiss (Dkt. No. 41) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Due Process Clause claim against Defendant Schug pursuant to the Fourteenth Amendment ("Claim Seven") is **DISMISSED**:

**ORDERED** that the Clerk of the Court shall **TERMINATE** Brian Schug as a Defendant from this case.

Dated: July 1, 2019
       Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge